MR. JUSTICE ERICKSON
delivered the opinion of the Court.
Howard Schermerhorn, respondent, is the subject of this disciplinary proceeding. He was admitted to practice law in Colorado on September 13, 1949.
The complaint which was heard by the Grievance Committee centers around his acts and omissions in a loan transaction with one of his clients. He had represented an elderly farmer on various legal matters. The farmer was a friend of the family, and when Schermerhorn required $1500 he turned to his client for a loan. He told the client that he would pay 14% interest and that he would only need the money for sixty days.
He arranged to meet his client in the parking lot of the bank where the client had funds on deposit. The client obtained the $1500 from the bank and turned the money over to respondent. Respondent had prepared a note in advance and gave the note to his client. The note reflected that the loan was, in fact, for $1200 and set forth an interest rate of 12%. When the error was brought to Schermerhorn’s attention, and after a grievance was filed, he acknowledged that the amount of money paid to him was $1500 and that the rate of interest which he agreed to pay was 14%. Schermerhorn has never repaid the monies advanced to him or the interest that he owed.
*366 Respondent’s acts were clearly in violation of his ethical obligations and duties to this client and were contrary to the highest standards of honesty, justice, and morality. Respondent took advantage of the trust that was reposed in him by his client and breached the fiduciary relationship that exists between an attorney and his client. C.R.C.P. 241(B)(1) and (4); DR-1-102(A) (4) and (6).
Before respondent saw fit to admit his so-called “drafting error,” he acknowledged that he knew that the error existed but made no attempt to correct it. Moreover, after a formal complaint was filed against Schermerhorn, he did not file an answer or cooperate in the administration of the grievance procedures.
Respondent’s attempts to mislead his client by the preparation of a false document justifies the severest of censures. See People v. Radinsky, 176 Colo. 357, 490 P.2d 951 (1971). A lawyer owes the highest fealty to his client. To overreach, falsify facts, or to take advantage of the attorney-client relationship is to bring disrespect upon an honored profession.
Respondent was previously disciplined on two occasions for improper conduct. The findings of fact made by the Grievance Committee reflect that the conduct which was involved here, as well as the conduct tied to the earlier complaints, involved dishonesty, deceit, and lack of candor.
Accordingly, it is ordered that the respondent, Howard Schermerhorn, be indefinitely suspended from the practice of law in Colorado and that he pay the costs in the amount of $78.20 within sixty days. The Grievance Committee recommended that the Respondent be required to pay the debt owed to his former client, Howard Pollard. We regret that we cannot order payment of the promissory note in this proceeding. The claim on the promissory note must be pursued in a civil action and not in a grievance proceeding.